FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS 2018 APR 26 PM 4: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

JAIME ALVAREZ FIGUEROA,

      *Petitioner,*

    v.

WARDEN [of] PLYMOUTH CORRECTIONAL
FACILITY; JOSEPH D. MCDONALD, JR., Sheriff;
ANTONE MONIZ, Superintendant; THOMAS
BROPHY, Acting Director;

      *Respondents.*

Civil Action No.

18-cv-10097-PBS

## UNOPPOSED MOTION OF JOHN A. HAWKINSON, PRO SE, TO (1) INTERVENE SEEKING REMOTE PACER ACCESS; AND (2) FOR ECF FILING PRIVILEGES

John A. Hawkinson, a freelance news reporter writing for *Cambridge Day*, re-spectfully **(1)** moves to intervene in this action for the limited purpose of filing a motion seeking an order allowing the public to remotely access non-sealed elec-tronic court filings on PACER in this case pursuant to Fed. R. Civ. P. 5.2(c).

"Third parties, like the media entities, 'have standing to assert their claim of access to documents in a judicial proceeding.' The proper procedural method for asserting access . . . is a motion to intervene pursuant to Fed. R. Civ. P. 24."' *United States ex rel. Franklin v. Parke-Davis*, 210 F.R.D. 257, 258 (D. Mass 2002) (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783, 787 (1st Cir. 1988)). *See also In re Globe Newspaper Co.*, 729 F.2d 47, 50 n.2 (1st Cir. 1984) ("Some courts have held that media representatives may challenge closure orders by appeal if they first intervene in the underlying action."); *Lunn v. Smith*, No. 17-cv-10938-IT, D.E. 42, 43 (D. Mass, Aug.

21, 2017) (granting the Hawkinson's motions to intervene and to permit remote PACER access in an immigration case).

**(2)** Hawkinson further moves this Court for permission to file electronically with his existing *pro se* ECF account for the purpose of efficiently filing and serving such documents as may be necessary within the limited scope of his intervention. As justification, Hawkinson avers he is familiar with the CM/ECF and PACER systems, the Federal Rules of Civil Procedure, the Local Rules of the District of Massachusetts, and the CM/ECF Administrative Procedures of the District of Massachusetts. Hawkinson already has *pro se* ECF privileges in other cases in this District for similar interventions.

**Pursuant to Local Rule 7.1(a)(2),** Hawkinson has conferred with counsel for the Petitioner who assents to this relief. Counsel for the Government has not yet taken a position.

(putative) INTERVENOR,
JOHN A. HAWKINSON, pro se

John A. Hawkinson
Box 397103
Cambridge, MA 02139-7103
617-797-0250
*jhawk@MIT.EDU*

Dated: April 26, 2018

## CERTIFICATE OF SERVICE

I, John A. Hawkinson, do hereby certify that a true copy of the above document was served April 26, 2018 Upon attorneys of record for petitioner, by electronic mail, having previously received written consent for electronic service pursuant to FRCP 5(b)(2)(E):

Kerry E. Doyle
Graves & Doyle
*kdoyle@gravesanddoyle.com*

Thomas E. Kanwit
Assistant United States Attorney
*thomas.kanwit@usdoj.gov*

John A. Hawkinson
April 26, 2018